THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MAURICE JARVIS, Appellant.— Defendant appeals from an order denying his motion to vacate a judgment of conviction for driving an automobile while intoxicated upon which he has been sentenced to serve a term of not less than two years nor more than four years in Clinton Prison. He had previously been convicted of driving an automobile while intoxicated. Such previous conviction classified the present conviction as a felony punishable by imprisonment for not less than sixty days nor more than two years. (Vehicle and Traffic Law, § 70, subd. 5.) He had previously been convicted of the felony of robbery. Because thereof his present conviction requires that he be sentenced for an indeterminate term " the minimum of which shall be not less than the longest term prescribed upon a first conviction and the maximum of which shall be twice such term." (Penal Law, § 1941.) The indeterminate sentence of not less than two years nor more than four years was proper. Order unanimously affirmed. Present — Hill, P. J., Crapser, Bliss Schenck and Foster, JJ.

MARINE MIDLAND TRUST COMPANY OF CORTLAND, Formerly Known as CORT-LAND TRUST COMPANY, Respondent, v. JOYCE H. JOHNSON and Others, Appellants, Impleaded with CLAUDE CARTER and Another, JULIA E. HAVER and Another, as Administrators, etc., of EDWIN S. HAVER, Deceased, and RAY H. HALL, Defendants.— This is an appeal from a judgment of foreclosure and sale granted by the County Court of Cortland County. Edward Burdette Hall, the owner of the mortgaged premises, died on October 26, 1919. He was survived by his daughter, Cora Hall Carter, his only heir at law. On or about December 28, 1927, Cora Hall Carter applied to the Cortland Trust Company for a loan to be secured by a first mortgage on real estate which had been owned by her father at the time of his death. She stated that there was no will, that she was the only heir at law and she was suffering from cancer. They agreed to loan her $1,000. Four hundred dollars was advanced at once and an abstract of title was secured from the county clerk of Cortland county which showed that she was the sole heir at law of her father and the balance of the $1,000 was advanced and the bond and mortgage was taken on February 6, 1928. On March 17, 1930, more than ten years after the death of Edward Burdette Hall and about two years after the death of Cora Hall Carter, the last will and testament of Edward Burdette Hall was admitted to probate by the surrogate of Cortland county, upon the petition of Joyce H. Johnson, one of her children. The will gave Cora Hall Carter the life use of all real and personal property with a power to invade the principal of the real estate upon certain contingencies. The interest and rights in and to the real estate of her father accrued by virtue of the will without the necessity of probate. It rested solely with Cora Hall Carter to determine whether the existing circumstances justified the exercise of the power of invasion of the property by her. She was without means, she was suffering from cancer, her husband was without means, she had a large family of children. The circumstances disclosed in the record justified her in invading the principal and giving the mortgage in question. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.